CISNA et al. v. MALLORY et al.

(Circuit Court, D. Washington, E. D. January 24, 1898.)

1. GRUB-STAKE CONTRACTS—ENFORCEMENT IN EQUITY.
    While grub-stake contracts will be enforced by the courts, yet, in order to entitle the parties to such relief, they must prove, as in the case of other agreements, a clear and definite contract, by the terms and conditions of which, and by compliance therewith on their part, rights have become vested.
2. SAME.
    Upon an application for an injunction pendente lite to establish a copartnership and joint ownership of certain mining claims in the Klondike region, it appeared from the moving papers that the plaintiffs had agreed

with defendant, by an instrument alleged to have been lost, to furnish certain moneys to him during one year, and had furnished a portion thereof, to be used by him in prospecting for and acquiring mining claims, but there was no allegation that they had agreed to pay for property purchased by him. The defendant denied the contract as alleged, or that he. ever acquired any mining property pursuant to it; and his allegation that the only mining property he had acquired in the Klondike country was bought with his own means, more than two years after the contract was entered into, was not rebutted. *Held*, that the plaintiffs' showing was insufficient to warrant equitable relief.

Suit in equity by M. A. Cisna, E. E. Lucas, E. D. Rinear, L. C. Waller, A. A. Lewis, S. J. Goodsell, Thomas McCart, and H. C. Thompson against T. H. Mallory and Horatio N. McGuire, to establish the right of complainants to the ownership of undivided interests in certain mining claims on Eldorado creek and Bonanza creek, in that part of Northwest Territory, in the dominion of Canada, known as the "Klondike Region," and for an injunction to restrain the defendant Mallory from disposing of said property. The cause was heard on an application for an injunction pendente lite.

Stoll, Stephens, Bunn & MacDonald, for complainants.
Fenton & O'Brien and Albert Allen, for defendant Mallory.

HANFORD, District Judge. The object of this suit, as set forth in the amended bill of complaint, appears to be to establish a copartnership between the plaintiffs and the defendants, and joint ownership of certain mining claims in the Klondike region, which the defendant Mallory is alleged to have acquired, and to require the said defendant to account for gold dust and nuggets which it is alleged he has taken from said mining claims, and for an injunction to prevent the sale and disposal of said property, and to compel the defendant Mallory to execute conveyances to the plaintiffs of their respective interests. The complainants plead a written contract, and aver that pursuant to said contract they made advances of money to the defendant Mallory, to be used and expended by him in prospecting for, acquiring, and working mining property, and that while said contract was in force, and with the money so advanced, said defendant did go on a prospecting expedition into the Methow and Slate Creek districts, in this state, and went to the Klondike country, and there acquired valuable mining claims, and that he now denies the partnership, and denies that the complainants have, or are entitled to claim, any interest in said mining property. The alleged contract has not been exhibited, and the complainants aver that it has been lost or mislaid, so that they are unable to produce it. In their amended bill of complaint they set forth that, by the terms and provisions of said contract, they (the said complainants) and the defendants became mining partners, and that it was thereby agreed that the defendant Mallory should proceed to that part of the state of Washington called the "Methow Mining District," and to such other places as he might deem advisable, and prospect for, discover, locate, or otherwise acquire, work, develop, and mine, mines, mining claims, water rights, mill sites, and other property, for the use and benefit of the complainants and the defendants, in the proportions

hereinafter mentioned; the complainants and the defendant McGuire in consideration thereof furnishing and paying defendant Mallory the sum of $150 in cash, to be used by him in the performance of said agreement, and they agreeing to furnish to him thereafter, from time to time, sufficient money or supplies and materials, not to exceed in value $100 per month, to enable him to in all respects carry out and perform said agreement; the complainants and the defendant McGuire each contributing one-ninth of the said expenses and of any money or supplies or materials, and they each to receive one-twelfth of all mines, mining claims, water rights, mill sites, or other property discovered, located, or acquired, with the products, output, rent, or issues thereof, or any part thereof; the defendant Mallory to have and receive the remaining three-twelfths thereof; and that any mines, mining claims, mill sites, water rights, or other property so discovered, located, or acquired by the defendant Mallory, if located or taken in his name, were to be held by him for the use and benefit of the complainants and defendants as aforesaid,—and that to that end the defendant Mallory should be the trustee for complainants and the defendant McGuire. In an affidavit by the complainants Cisna, Rinear, Lewis, and Goodsell, the same contract is set forth, except that the affidavit states that, in addition to the sum of $16.66 contributed by each of the complainants to make up the advance of $150, it was agreed that each should contribute thereafter such further sum as might be necessary to carry out the purposes of the partnership, not exceeding in the aggregate $1,200; that the defendant Mallory agreed to go into the hills and mountains to prospect for, discover, locate, or otherwise acquire, mines, mining claims, water rights, mill sites, and other property, for the use and benefit of said partnership, "the plaintiffs and the defendant McGuire then and there agreeing and authorizing him to purchase mines, mining claims, water rights, mill sites, or other property, for and in the name of the said partnership, for such reasonable sum as in his judgment was prudent and advantageous from a business standpoint; that said partnership as aforesaid was formed for an indefinite period, and was to continue until dissolved by consent of all parties." The defendant Mallory has answered, denying the equity of the bill,—that is to say, he denies that there ever was any partnership between him and the complainants, and denies that the contract which he entered into with them created a partnership, or contained the terms and provisions alleged by the complainants, and denies that he ever acquired any mining property pursuant to said contract, or with money furnished or contributed by the complainants; and, in an affidavit by said defendant, he states that the only mining property which he has acquired in the Klondike country was so acquired by purchase, with his own individual means, after he had fully exonerated himself from all obligation to the complainants under his contract with them.

It is obvious that if the complainants have any right in mining claims acquired by Mallory, situated in the Klondike country, such rights must be founded upon the contract, or result as a legal consequence from the use and expenditure of the money furnished by complainants, and used in discovering, locating, or otherwise ac-

quiring the property. I consider that the contract cannot be fairly construed so as to create any right in favor of the plaintiffs to property, situated in a distant, foreign country, purchased by Mallory, with his own money, more than two years after the agreement was entered into. Some of the complainants, in their affidavits, say that the partnership created by the contract was to continue for an indefinite period, and until dissolved with the consent of all. But the amended bill contains no such averment, and even the affidavit does not assert with certainty and clearness that the contract provides for any such indefinite continuation of the partnership relation. Indeed, the affidavit shows affirmatively that the parties contemplated only an expedition for prospecting and mining, to be completed within a period of time not exceeding one year; for they say that they agreed to contribute not more than $1,200 in the aggregate, and, according to their amended bill, they were to pay not more than $100 per month. I must conclude that the agreement provided for payments not exceeding $100 per month for a period not exceeding 12 months, or else that the affidavit is contradicted by the pleading. There is another apparent discrepancy between the affidavit and the amended bill of complaint. The affidavit states that the defendant Mallory was authorized to purchase mining property for the partnership, but the bill of complaint fails to state that such authority was conferred, either by the alleged contract, or by any separate agreement. I apprehend that if it should transpire that Mallory had purchased mining claims in Klondike on account of the alleged partnership, and agreed to pay therefor prices approximating the supposed value thereof, the complainants would be astonished if called upon to contribute their respective portions of the purchase money; and, if they should meet such a demand with denials of liability, their denials would not be inconsistent with their averments and representations of facts in this case, for even in the affidavit they do not say that they promised to pay for mining property to be purchased by Mallory. The defendant Mallory shows that the only mining property in which he has acquired an interest in the Klondike country was purchased by him with his own means, and there is no showing to the contrary. The complainants show affirmatively that they are ignorant as to the manner in which Mallory acquired the property, and as to all of his transactions in relation thereto. They offer no evidence that any part of the $150 given to Mallory previous to his prospecting trip into the Methow and Slate Creek districts in this state was expended in discovering or acquiring the property which they now claim, or that Mallory acquired or discovered any interest in said property within one year from the date of their contract with him. Grub-stake contracts will be enforced by the courts, but only as other contracts; that is to say, it is not enough for parties to assert that they have rights, in order to secure legal protection, but they must be able to prove in each case a clear and definite contract, and that by the terms and conditions of such contract, and compliance therewith on their part, rights have become vested. In this case the showing is insufficient, and the application for an injunction must be denied.